UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFF STINSON, TRUSTEE, IRON WORKERS LOCAL UNION NO. 22, IRON WORKERS INSURANCE TRUST FUND, IRON WORKERS LABOR MANAGEMENT COMMITTEE OF CENTRAL INDIANA, INC., and IRON WORKERS JOINT APPRENTICESHIP AND TRAINING COMMITTEE, <br><br>          Plaintiffs, <br><br>     v. <br><br> CAPITAL CITY STEEL INC., <br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CAUSE NO.: 1:13-cv-1716 ) ) ) ) |

COMPLAINT

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show the Court as follows:

Introduction

1.  Jurisdiction of this Court is founded upon Section 301 of the Labor-Management Relations Act, (29 U.S.C. §185); Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); in that the Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements, Trust Plans and Trust Agreements and the Defendant's continued refusal to comply with certain terms of collective bargaining agreements and the trust agreements of the Plaintiffs, thereby

violating the provisions of the Employee Retirement Income Security Act of 1974, and the terms and provisions of employee benefit plans, and the provisions of Section 302(c) of the Labor-Management Relations Act of 1947.

2. Plaintiff Iron Workers Local Union No. 22 is a labor organization which maintains its office and principal place of business in Indianapolis, Indiana.

3. Plaintiffs Iron Workers Insurance Trust Fund and Iron Workers Joint Apprenticeship and Training Committee (hereinafter "Funds"), are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(1)(2)(3)(21) and 1132).  The Funds maintains their office and principal places of business in Indianapolis, Indiana.

4. Iron Workers Labor Management Committee of Central Indiana, Inc. (hereinafter "LMCC"), is a labor management cooperative committee which maintains its office and principal place of business in Indianapolis, Indiana.

5. Jeff Stinson, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 2(21) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiffs.

6. Defendant Capital City Steel Inc. is an employer existing under and by virtue of the laws of the State of Indiana, with its offices and principal place of business in Indianapolis, Indiana.

7. Defendant Capital City Steel Inc. is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and Iron Workers Local Union No. 22.

## Count I

8. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs one through seven of the Complaint.

9. Defendant Capital City Steel Inc. is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

10. The executed collective bargaining agreement contains provisions whereby Defendant agrees to make contributions on behalf of its employees to the Funds and the Iron Workers Labor Management Committee of Central Indiana, Inc.

11. Defendant has failed to make timely contributions to the Funds and the Iron Workers Labor Management Committee of Central Indiana, Inc. for and on behalf of its employees and has failed to perform its obligations under the terms and conditions of the aforementioned collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

12. Despite demands that Defendant perform its contractual obligations with

respect to making contributions as required by agreement with the Funds, Defendant has failed, neglected, omitted and refused to make those payments.

13. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions and to liquidated damages and interest as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

14. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

## Count II

15. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs one through fourteen of this Complaint.

16. Defendant, Capital City Steel Inc., has agreed in the executed collective bargaining agreement with Plaintiff, Iron Workers Local Union No. 22, to deduct working dues from bargaining unit employees' gross wages pursuant to authorizations by these employees.

17. Defendant has deducted these monies from the gross wages of its employees but failed to timely remit these working dues assessments to the Union as required by the

collective bargaining agreement.

18. The collective bargaining agreement provides that a Employer shall be responsible for interest at 1% per month for the unremitted dues deductions.

19. Plaintiff, Iron Workers Local Union No. 22, is entitled to recovery of the unremitted dues deductions plus the contractual interest.

WHEREFORE, Plaintiffs demand the following relief:

1. A judgment on behalf of Plaintiffs in the sum equal to Defendant's delinquencies to the Fund and the LMCC, plus unremitted working assessments which were deducted from the wages of the employees owing to the Union, plus interest on all delinquencies and unremitted dues deductions, liquidated damages on all delinquencies, reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

2. That the Court retain jurisdiction of this cause pending compliance with its Orders.

3. For such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,


/s/Neil E. Gath
Neil E. Gath

FILLENWARTH DENNERLINE GROTH & TOWE, LLP
Suite 200, 429 E. Vermont Street
Indianapolis, Indiana 46202
Telephone: (317) 353-9363
Fax: (317) 351-7232
E-mail: ngath@fdgtlaborlaw.com


p/346/sc